IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 4:13CV3119 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| EPA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on June 14, 2013. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against the "EPA." (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are extremely difficult to decipher and portions of his Complaint are illegible. As best as the court can tell, Plaintiff alleges that he lives on a "lead contaminated site," and he asks the court to "direct CERCLA monies be used to remove" him and his family from this "lead contaminated site in North Omaha, Nebraska." (*Id.*)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

The court liberally construes the Complaint to allege a claim against the Environmental Protection Agency ("EPA") pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). *See* 42 U.S.C. §§ 9601- 75. However, the court may only exercise jurisdiction over such a claim if Plaintiff has provided the EPA with notice of his intent to sue. 42 U.S.C. § 9659(e) *see*, *e.g.*, *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 28 (1989) (dismissing citizen suit based on similar pre-filing notice requirement in section 6972 of the Resource Conservation and Recovery Act). *See also Tyler v. Envtl. Prot. Agency*, No. 11-1671, 426 Fed.Appx. 475 (8th Cir. Aug. 29, 2011) (upholding the district court's dismissal of Plaintiff Billy Tyler's case where Tyler failed to allege he had provided written notice to the EPA of his intent to sue as required under CERCLA).

Here, Plaintiff has failed to allege or submit proof that he provided the EPA with notice of his intent to sue. Thus, even with the most liberal construction, Plaintiffs' Complaint does not include "sufficient facts to support the claims advanced." *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

On the court's own motion, Plaintiff shall have 30 days in which to amend the Complaint in order to allege sufficient facts to show that he provided the EPA with notice of his intent to sue. If Plaintiff fails to file a sufficient amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to amend his Complaint to clearly state a claim upon which relief may be granted against the defendant in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against the defendant will be dismissed without further notice.

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on November 8, 2013.

3. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 8th day of October, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.